IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE J. TURNER, # 125701, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 2:20-CV-877-RAH-SRW |
| | ) [WO] |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Willie J. Turner, an inmate at the Frank Lee Work Center in Deatsville, Alabama, brought this action as a "Writ of Error for Appeal to District Court/Affidavit" challenging the sentence imposed upon him in 1984 by the Circuit Court of Madison County. Doc. 1. That court sentenced Turner to a total of 129 years in prison, consisting of consecutive terms of 99 years for first-degree robbery and 30 years for second-degree robbery.[1] *Id.* at 1–2.

Turner's pleading is no model of clarity, but he appears to argue that an "error" in his sentencing resulted in his receiving an excessive sentence in violation of his Eighth Amendment rights. *Id*.

### II. DISCUSSION

---

[1] Some of the information in this Recommendation regarding Turner's convictions and sentence has been gleaned from Turner's inmate information available at the Alabama Department of Corrections' website, *see* http://www.doc.state.al.us/InmateHistory, and from Alacourt.com, the online system for Alabama trial courts, *see* https://v2.alacourt.com/.

Turner challenges his sentence—i.e., the basis of his custody in Alabama prison. Therefore, 28 U.S.C. § 2254 applies to his pleading. *See Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). Accordingly, this Court finds that Turner's self-styled "Writ of Error for Appeal to District Court/Affidavit" constitutes a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Title 28 U.S.C. § 2241(d) allows Turner to bring his § 2254 habeas petition either in (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Frank Lee Work Center is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Madison County is located). Section 2241(d) provides that this court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Turner stem from his conviction and sentence entered by the Circuit Court of Madison County. The records and witnesses relating to such matters are likely to be located in Madison County. Therefore, this Court finds that the interests of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **January 5, 2021**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this the 21st day of December, 2020.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge